IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CV-104-BO

| | |
|---|---|
| ANGEL MANUEL ROBLES LOPEZ, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>*Acting Commissioner of Social Security*, )<br>Defendant. ) | **ORDER** |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on the matters before the undersigned on May 21, 2015, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Administrative Law Judge is reversed and this matter is remanded to the Acting Commissioner for an award of benefits.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively filed an application for DIB on September 7, 2011, alleging disability since February 28, 2010. Plaintiff's amended alleged onset date is May 1, 2011. Following an initial denial of plaintiff's claim, an Administrative Law Judge (ALJ) held a hearing at which plaintiff, his counsel, and a vocational expert (VE) appeared. After considering the claim de novo, the ALJ found that plaintiff was not disabled.

On August 22, 2012, the Appeals Council remanded the matter back to the ALJ. The ALJ held a second hearing via video conference, and on March 13, 2013, again found plaintiff not to be

disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on April 10, 2014. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff met the insured status requirements through December 31, 2015, and that he had not engaged in any substantial gainful activity since his amended alleged onset date at step one, the ALJ determined that plaintiff's bursitis of the left knee, migraines, history of stress

2

fracture to the left knee, depressive disorder/anxiety, and sleep apnea were severe impairments at step two, but found at step three that plaintiff did not have an impairment or combination of impairments that met or equaled a Listing. The ALJ then determined that plaintiff had a residual functional capacity (RFC) to perform sedentary work with multiple limitations. At step four, the ALJ found that plaintiff was unable to perform his past relevant work, but that, based on plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision.

Plaintiff contends that the ALJ erred in improperly evaluating plaintiff's Department of Veterans Affairs (VA) service-connected disability rating of 80%. "[I]n making a disability determination, the SSA must give substantial weight to a VA disability rating" unless the record "clearly demonstrates that . . . a deviation is appropriate." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012). Here, the ALJ afforded the VA rating little weight because the ALJ found that the rating provided limited insight into plaintiff's impairments and was inconsistent with plaintiff's ability to drive, live with family, and play video games. Tr. 24. The evidence relied on by the ALJ fails to clearly demonstrate, however, that deviation from the substantial weight rule is appropriate. For example, the Court is unaware of how the ability to live with one's family could be construed as evidence that would impugn the basis of a VA disability rating. Moreover, the reasons for the VA's decision do provide insight into plaintiff's impairments.

Plaintiff received a VA rating of 50% disabled in regard to his migraine headaches. A

3

VA rating of 50% disabled, the maximum rating for migraine headaches,[1] is appropriate where "the record shows very frequent, completely prostrating, and prolonged attacks productive of severe economic inadaptability." Tr. 335.[2] This evidence is consistent with the findings of a consultative examiner, who found that plaintiff would have "difficulty working on a day-to-day basis because of the frequency of his migraine headaches." Tr. 1186; *see also* Tr. 1259-60 (Botox injections lessen intensity but not frequency of headaches); Tr. 48 (plaintiff's testimony that he suffers from daily migraine headaches). Because the VA's decision did provide insight into plaintiff's migraine condition, and it is consistent with the other evidence in the record, the ALJ's decision to afford the VA rating little weight in this regard is not supported by substantial evidence.

The evidence in the record further demonstrates that had the correct weight been afforded to the VA's determination that plaintiff suffered from very frequent completely prostrating migraine headaches a finding of disabled would have been required. When the ALJ asked the vocational expert whether a hypothetical individual with plaintiff's limitations who would miss only four days per month could perform work in the national economy, the VE opined that that number of absences would be well-beyond the routinely provided annual and/or sick leave,

---

[1] While the VA rating did note that plaintiff's migraine disability was not exceptional or unusual, nor did it reveal a *marked* interference with employment or frequent periods of hospitalization, plaintiff was nonetheless awarded the maximum disability rating for this impairment.

[2] Though defendant argues that the ALJ afforded the VA rating the proper weight in part because the rating was determined prior to plaintiff's alleged onset date, "the fact that the VA disability determinations in this case fell outside the claimed disability date range is not enough, in itself, to discredit the determinations." *Suggs v. Astrue*, No. 4:11-CV-128-FL, 2013 WL 466406 *4 (E.D.N.C. February 7, 2013).

rendering that person unable to maintain employment. Tr. 69.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (quoting *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

Because the ALJ clearly explained his reasoning for rejecting the VA's disability rating, and the Appeals Council has already remanded this matter once for further consideration by the ALJ, the Court finds that reopening the record and remanding the matter for a third hearing before the ALJ would serve no purpose. The ALJ erred in not affording substantial weight to the VA's disability determination, and substantial evidence in the record supports that plaintiff experienced frequent, severe migraine headaches and that such condition would preclude work in the national economy. Reversal is therefore appropriate in this instance.

5

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 23] is GRANTED, defendant's motion for judgment on the pleadings [DE 27] is DENIED, and the decision of the ALJ is REVERSED. This matter is REMANDED to the Acting Commissioner for an award of benefits.

SO ORDERED, this ___8___ day of June, 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE